In the Matter of the Application of AMERICAN VETERANS PARTY, INC., et al., Petitioners, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, November 16, 1945.

*Victor J. Ambrose* for petitioners.

*Charles Rubin* and *George H. Fankuchen,* as directors of the Councilmanic Proportional Representation Court in Kings County, respondents in person.

HALLINAN, J. The question presented is whether 130 votes cast on the councilmanic war ballots for Edward J. Coughlin, deceased, the only candidate of the American Veterans Party, should be credited to the duly substituted candidate of that party, Matthew P. Cronin. The situation does not seem to be covered by any of the provisions relating to the method of electing members to the City Council, nor have I been able to discover any information relative thereto.

In *Johnson* v. *The City of New York* (274 N. Y. 411) the constitutionality of chapter 43 of the New York City Charter (1938), which provides for the election of councilmen by a system known as proportional representation, was upheld by the Court of Appeals. In the concurring opinion by LEHMAN, J., the purpose of the legislation was defined in the following language (pp. 431–432): " The method of voting as provided in chapter 43 of the new charter of the city of New York is intended to permit the election of officers of government by a minority of the voters, and thus to give to minority groups a share in government * * *. Its purpose is to limit the dominance of majorities * * * ."

No doubt, petitioner seeks to seize upon this underlying intendment of the electors in support of his position. Unfortunately, however, the court cannot supply an omission in the elective scheme, which the electors themselves have failed to provide. No statutory provision having been made to cover a contingency of this character, the motion must necessarily be denied.